IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:20-cr-00384-RJC |
| | ) |
| APRIL MARIE WOODHULL | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently pending before the Court is a Motion for Early Termination of Supervised Release (ECF No. 5) filed on behalf of defendant, April Marie Woodhull, who was convicted of conspiracy to possess pseudoephedrine to manufacture methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 846 (c) (2) and sentenced to 60 months imprisonment followed by three years of supervised release, in the United States District Court for the Middle District of North Carolina. (ECF No. 1-2). Her supervision was transferred to the United States District Court for the Western District of Pennsylvania, where she now resides, in early 2020. Defendant requests her supervision be terminated so that she can use medical marijuana.[1] The Government opposes the motion. (ECF No. 7).

---

[1] Pennsylvania's Medical Marijuana Act of 2016 ("MMA") provides that the "use or possession of medical marijuana ...is lawful within this Commonwealth" so long as a "patient" meets certain requirements. 35 PA. CONS. STAT. §10231.303. In order to use medical marijuana, a patient first must obtain a certification from an approved practitioner who has determined that she is likely to receive "therapeutic or palliative benefit from the use of medical marijuana." *Id*. §§ 10231.401(a); 10231.403(a)(1), (a)(4). Among other matters, the certification must affirm that the patient has at least one of seventeen qualifying serious medical conditions for which she is under the practitioner's continuing care. *Id.* §§ 10231.103; 10231.403(a)(2), (a)(3). A patient with an approved certification then must apply for an identification card which, if issued, would allow her to obtain medical marijuana from an approved dispensary. *Id.* §§ 10231.303(b)(1)(i); 10231.501; 10231.801(a). Medical marijuana only may be dispensed in certain forms, and the patient must carry a valid identification card any time she is in possession of it. *Id*. §§ 10231.303(b)(2), (b)(7); 10231.304(b).

In her motion Defendant explains she was released from prison on October 18, 2018, spent a year on house arrest, and has been on non-reporting supervised release since that time. According to court records her supervision began on January 4, 2019 and is scheduled to end on January 3, 2022. (ECF No. 1). She has been under supervision in the Western District of Pennsylvania for the fourteen months prior to the filing of her motion on January 18, 2021. There is no dispute she has successfully completed addiction therapy, is undergoing mental health treatment and is compliant with treatment. She is gainfully employed at Dunkin' Donuts and is a dependable employee, according to her supervisor. (ECF No. 5-1).

With respect to her need for medical marijuana, Defendant explains she suffers chronic pain as a result of an automobile accident suffered before she went to prison. While on supervised release, she cannot use medical marijuana without violating the terms of her supervision. These conditions include the following: "defendant shall not commit another federal, state or local crime"; "defendant shall not unlawfully possess a controlled substance"; "defendant shall refrain from any unlawful use of a controlled substance"; " . . . defendant . . . shall not purchases, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." (ECF No. 1-2, p. 3-4). If the Court grants this motion, the Defendant states she will obtain a medical marijuana card and treat her chronic pain through legalized means. Without medical marijuana, she argues, she will be living with chronic neck pain. Defendant's probation officer concurs she has been compliant with supervised release in the last year and has no objection to her request for early termination.

In response, the government argues Defendant has not met the standard for early termination of supervised release, i.e. a demonstration of exceptional or extraordinary circumstances. The government avers that although Defendant's efforts at rehabilitation and

dedication to her work are noteworthy, she should serve the full term of her supervised release in order to ensure she continues meeting the requirements of her supervised release conditions. The government further notes the serious and dangerous nature of her conviction (drug trafficking) and also emphasizes that the supervised release term will continue to deter her from future illegal conduct as well as protect the public from further crimes by Defendant. With respect to the use of medical marijuana, the government objects to permitting a violation of federal law, and further, objects to the lack of evidentiary support for her prior injuries and current symptomology. The government explains (and the Court has confirmed) that as reported in the Presentence Investigation Report ("PIR"), Defendant was previously treated for, *inter alia*, cannabis dependence and cocaine dependence, and she reported "her drug of choice is marijuana, which she used daily prior to her arrest. She stated, 'I'm a pothead.'" (PIR, ECF No. 446 at 25, *United States v. Woodhull*, 1:14-cr-00377-WO, M.D. NC 2014).

It is undisputed that the possession of marijuana remains illegal under federal law. *See* 21 U.S.C. § 844(a). Notably, the federal statute does not make any exception for medical marijuana. *See Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (underscoring that the Controlled Substances Act "designates marijuana as contraband for any purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses."); *United States v. Bey*, 341 F. Supp. 3d 528, 530 (E.D. Pa. 2018) ("The Controlled Substances Act contains no exception—express or implied—for medically-prescribed marijuana.").

Other courts have concluded that a defendant who is under federal court supervision may not modify conditions of supervise release in order to use marijuana pursuant to a prescription issued in compliance with a state law. *See United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (A "district court ha[s] no discretion to allow [a supervisee] to use medical marijuana

3

while on supervised release."); *United States v. Harvey*, 659 F.3d 1272 (9th Cir. 2011) (affirming district court's revocation of supervised released based on its determination that a defendant's use of marijuana, pursuant to a physician's recommendation, was unlawful under federal law); *United States v. Kelly*, 419 F. Supp. 3d 610, 611 (W.D.N.Y. 2019) (denying request to modify pretrial release conditions to permit the defendant to participate in a medical marijuana program given that "[c]ompliance with federal law is a mandatory condition of release"); *Bey*, 341 F. Supp. 3d at 531 ("[A] federal supervisee's state-authorized possession and use of medical marijuana violates the terms of federal supervised release."); *United States v. Johnson*, 228 F. Supp. 3d 57, 58-59 (D.D.C. 2017) (recognizing that a defendant under federal supervision may not use medical marijuana even if that use complies with state law).

  Here, of course, Defendant seeks termination of supervision, rather than modification, admittedly for the purpose of allowing her to obtain certification from an approved medical practitioner to prescribe her medical marijuana. After a careful review of the record in this case, and the factors enunciated in 18 U.S.C. § 3553(a), the Court will deny the motion. A court may terminate a term of supervised release where, in addition to considering the relevant factors under 18 U.S.C. § 3553(a), the court determines that the defendant has served one year of supervised release and "it is satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting 18 U.S.C. § 3583(e)(1)). The Third Circuit has concluded that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting *United States v. Emmett,* 749 F.3d 817, 819 (9th Cir. 2014)).

Specific findings of fact for each statutory factor are not required under § 3583(e)(1). *Id.* at 52-53. The statute requires only that the court articulate that it has considered the relevant factors under § 3553(a), the defendant's conduct, and the interests of justice in rendering its decision. *See id*. at 53. Thus, in regard to a request for early termination, § 3583(e)(1) instructs the court to consider the following factors under § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*Id.* at 52 (quoting *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018)).

Here, we find that early termination is not warranted, despite Defendant's compliance with the terms of her supervision and her unsupported allegations of the need for the use of medical marijuana. Given Defendant's history of drug use, her compliance with the conditions of her supervision may be attributable, as the government argues, to the threat of re-incarceration if she were to violate her conditions. Her successful rehabilitation will more than likely continue should she be required to fulfill the full term of the 3-year supervision. Her efforts and dedication to leading a law-abiding, self-sustaining life are commendable, and we applaud them. It is inadvisable, however, to permit her to use medical marijuana, in violation of federal law, given her previous substance abuse history and substance abuse treatment history.

5

AND NOW, to-wit, this 12th day of April, 2021, the Motion for Early Termination of Supervised Release (ECF No. 5) is DENIED.

                        /s/ *Robert J. Colville*
                        Robert J. Colville
                        United States District Judge

cc:  Record Counsel via CM-ECF electronic notice